MICHELE AURIGEMMA, Respondent, *v.* NIPPON YUSEN KAISHA COMPANY, Appellant, Impleaded with Another.

Negligence — injury, by fall, to employee of contractor engaged in loading cargo into a ship — injury caused by giving way of batten fastened to side of ship while plaintiff was climbing up the side of the ship·by means of such batten, in pursuance of his·work — when evidence insufficient to show that doctrine of res ipsa loquitur applies to such accident.

Plaintiff was an employee of a contractor engaged in putting steam boilers into the hold of appellant's ship.   Around the inside of the ship where plaintiff was at work were planks or strips of wood, called battens, fastened to the steel ribs of the ship by bolts to prevent the cargo from coming in contact with the steel sides of the ship. In order to put up a block and fall for the purpose of lowering the boilers in the hold of the ship it was necessary to insert a hook in a hole in the side of the ship about twenty-two feet above the bottom of the hold.   This hole, owing to the concave form of the side of the ship, could not be reached by means of a stepladder.   The foreman of the contractor directed the plaintiff, who weighed about two hundred and twenty pounds, to climb up on the battens and insert the hook, which weighed about ten pounds, in the place indicated. When he reached a point about six feet above the bottom of the hold one of the battens gave way and he fell to the floor sustaining the injuries of which he complains.   There is nothing to show what caused the batten to give way and no evidence showing any knowledge on the part of the appellant of a defective condition or that the battens were used as a ladder to go from the bottom of the hold to the deck above.   The trial court reached the conclusion that a recovery could be sustained on the theory that the doctrine of *res ipsa loquitur* applied.   The only evidence of a defective condition in the batten or any appliance with which it was fastened, is the fact that it gave way when the plaintiff took hold of it.   The only fair inference which can be drawn from that fact is that it was insufficient to support a weight of two hundred and thirty pounds.   It was not designed to support such weight, and its sole purpose was to keep the cargo away from the side of the ship.   The case is not one which permits the inference of negligence from the mere happening of the accident.

*Aurigemma* v. *Nippon Yusen Kaisha Company*, 207 App. Div. 898, reversed.

(Argued April 7, 1924; decided May 13, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 27, 1923, affirming a judgment in favor of plaintiff entered upon a verdict.

*Bertrand L. Pettigrew* and *Walter L. Glenney* for appellant. The doctrine of *res ipsa loquitur* is not applicable in this case, and without its application there is no proof of negligence on the part of the appellant. (*The Remembrance*, 216 Fed. Rep. 651; *Dougherty* v. *Milliken*, 163 N. Y. 527; *Dugan* v. *American Transfer Co.*, 160 App. Div. 11; *Keenan* v. *McA. & C. Elevator Co.*, 129 App. Div. 117.) There was no evidence in this case of knowledge on the part of the appellant as to the use to which the plaintiff's employer would put the wooden strips on the side of the ship. (*The Queen Elizabeth*, 209 Fed. Rep. 712; *The I. T. Chapman*, 215 Fed. Rep. 127.)

*John E. Leddy, John J. Mangini* and *Francis M. Verrilli* for respondent. There is sufficient proof of negligence in appellant's omission to provide respondent with a safe and proper appliance and a reasonably safe place to perform his assigned duties. The defendant knew and was chargeable with notice that respondent would use the braces in the manner now complained of. (*Foster* v. *Bucknell S. S. Lines*, 206 Fed. Rep. 415; *The Montrose*, 186 Fed. Rep. 156; *The I. T. Chapman*, 241 Fed. Rep. 836; *Wholey* v. *B. & F. S. S. Co.*, 158 Fed. Rep. 379; *Liverani* v. *Clark & Son*, 231 N. Y. 178; *Dziengelewsky* v. *Turner & Blanchard*, 191 App. Div. 341; *Byrne* v. *Eastman Co. of N. Y.*, 163 N. Y. 461; *Koehler* v. *New York Steam Co.*, 183 N. Y. 1; *Young* v. *Mason Stable Co.*, 193 N. Y. 188; *Union Pacific R. Co.* v. *Daniels*, 152 U. S. 684; *Story* v. *Evans*, 218 Fed. Rep. 820; *The Portland*, 213 Fed. Rep. 699; *The Atlantic City*, 211 Fed. Rep. 544.) The doctrine of *res ipsa loquitur* applies. (*Marcean* v. *Rutland R. R. Co.*, 211 N. Y. 203; *Plumb* v.

*Richmond L. & R. R. Co.*, 233 N. Y. 285; *Frencey* v. *Rutland R. R. Co.*, 222 N. Y. 482; *The Chicago*, 156 Fed. Rep. 374; *Fills* v. *Cunard S. S. Co.*, 217 Fed. Rep. 84.)

McLAUGHLIN, J. On the 7th of March, 1920, the defendant Turner & Blanchard, Inc., had a contract with the appellant to put some steam boilers into the hold of one of its ships. On the day named the respondent, one of its employees, while at work in the hold of the ship, was injured. He brought this action to recover the damages alleged to have been sustained, on the ground that the same were due to the negligence of the defendants. At the close of plaintiff's evidence the complaint was dismissed as to Turner & Blanchard, Inc., and the case sent to the jury as to the steamship company, which offered no evidence. The plaintiff had a verdict. The judgment entered thereon was affirmed by the Appellate Division, two of the justices dissenting. The appeal to this court followed.

Around the inside of the ship where the plaintiff was at work were planks or strips of wood, called battens. They extended from the bottom of the ship to the deck above, and were thus placed for the purpose, according to the uncontradicted evidence, of preventing the cargo from coming in contact with the steel sides of the ship. They were attached to the steel ribs of the ship, about a foot apart, by metal bolts in the shape of an " L." The steel ribs were about six or seven feet apart. The battens were about three inches thick, six inches wide, and fifteen feet long. Immediately prior to the time the accident occurred the plaintiff was directed by his foreman, also an employee of Turner & Blanchard, Inc., to rig up a block and fall for the purpose of lowering the boilers into the hold of the ship. In order to put up the block and fall, he had to insert a hook in a hole in the side of the ship some twenty-two feet above the bottom of the hold.

There was testimony to the effect that on account of the concave form of the side of the ship it was not possible to reach the place where the hook was to be placed by means of a stepladder, and the foreman directed the plaintiff to climb up on the battens and insert the hook in the place indicated. The plaintiff weighed about 220 pounds. He took the hook, which weighed about 10 pounds, and started to do as directed. When he reached a point on the battens about six feet above the bottom of the hold, one of the battens gave way and he fell to the floor below, sustaining the injuries of which he complains.

What caused the batten to give way is not disclosed by the testimony, unless it be the weight which was put upon it. Plaintiff testified that it broke somewhere and the wood " looked old " and when asked as to what the condition of the wood was, he stated: " I am not able to say, except it was a piece of wood." The plaintiff's foreman testified that the batten did not break, but one of the metal hooks or bolts on which the batten rested pulled out or broke. Both he and plaintiff testified that before the accident they did not notice any defect. A third witness called by plaintiff testified that neither the batten nor the metal bolt broke, but that the latter opened so as to permit the batten to fall. There was some testimony to the effect that the bolt looked rusty. There was no evidence showing any knowledge on the part of the appellant of a defective condition, or that the battens were used as a ladder to go from the bottom of the hold to the deck above. The trial court, evidently recognizing there was nothing to indicate what caused the batten to give way, finally reached the conclusion that a recovery could be sustained on the theory that the doctrine of *res ipsa loquitur* applied, and the respondent so contends on the appeal. The appellant insists that the doctrine does not apply to the facts proved.

Unless it does apply there is nothing to justify a

recovery.  I do not think the doctrine of *res ipsa loquitur* is applicable.  As above stated, the only indication of a defective condition in the batten or any appliances with which it was fastened, is the fact that it gave way when the plaintiff took hold of it.  The only fair inference, as it seems to me, which can be drawn from that fact, is that it was insufficient to support the weight of 230 pounds.  It was not designed to support such weight. Its sole purpose was to keep the cargo away from the side of the ship.

The appellant was obligated to exercise ordinary care in providing the plaintiff and other employees of Turner & Blanchard, Inc., with a reasonably safe place in which to work while placing the cargo in the hold and going to and from such place.  It was also obligated to give notice of any latent dangers or defects and there is not a particle of evidence to show it did not discharge its full duty in both respects.  The case is not one which permits the inference of negligence from the mere happening of the accident.  The appellant was entitled to rest upon the presumption that it had performed its duty as owner of the ship until affirmative evidence was given to the contrary.  (*Dougherty* v. *Milliken,* 163 N. Y. 527.)

There was no evidence, as I have said, of knowledge on the part of the appellant as to the use to which the employees of Turner & Blanchard, Inc., would put the battens.  It appeared affirmatively from plaintiff's own testimony that these battens were put there by the owners of the ship for the protection of the cargo.  There was no evidence of any recognized custom to use them as a ladder.  It is true, plaintiff's foreman testified that he was accustomed to direct men who were working under him to go up on these wooden strips.  The fact, however, that he did so was not, so far as appears, brought to the knowledge of the appellant.

The case is much like *The Queen Elizabeth* (209 Fed. Rep. 712).

The judgment appealed from, therefore, should be reversed and a new trial granted, with costs to abide event.

HISCOCK, Ch. J., CARDOZO, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Judgments reversed, etc.